**C. O. HANSON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**Nos. 13317–13319.**

United States Court of Appeals
Sixth Circuit.

April 26, 1958.

As Corrected May 29, 1958.

Carl J. Batter, Washington, D. C. (Paul A. Flynn, Tiffin, Ohio, on the brief), for appellant.

Frederick B. Ugast, Washington, D. C. (Charles K. Rice, Lee Jackson, Joseph F. Goetten, Lawrence K. Bailey, Washington, D. C., Sumner Canary, Cleveland, Ohio, on the brief), for appellee.

Before McALLISTER, MILLER and STEWART, Circuit Judges.

PER CURIAM.

This is the second time the above case has come before this Court. In Hanson v. United States, 6 Cir., 208 F.2d 914, appellant Hanson was convicted of knowingly and willfully attempting to defeat and evade the payment of personal income taxes. In that case it appeared that appellant was the owner of 1,118 shares of a total of 1,247, in the Hanson Clutch and Machinery Company; that his sister and brothers-in-law owned 125 shares; and that the balance of 4 shares was owned by two other men. The books of the company disclosed the use of three types of invoices. Evidence was produced by the government, of the issuance of a fourth type of invoice for which the corporation had no records. These invoices known as "M" invoices represented sales of power shovels, cranes and other equipment by the Hanson company. These sales were

not shown as sales on the books of the company; but "M" invoices had been included in inventory at sales prices. The explanation of this strange form of entry was as follows: Hanson was selling products to customers in violation of the Controlled Materials Plan, provided by federal statute. The company issued the so-called "M" invoices in such sales. If these sales showed on the company's books, it would be obvious to an inspector that the company was guilty of violation of the Controlled Materials law. In order to avoid violation of the income tax laws, it was decided not to enter these sales, as sales, but to record them as items in inventory, not at cost, but at sales price. By placing them in inventory at sales price rather than at cost price, the profits on the sales would be reflected upon the books of the company so that at the end of the year, when the income tax return was made up for the company, the tax on such profits would be paid even though the transactions had not been entered as sales. The checks which were received on these sales were cashed by Hanson, and he claimed to hold the money for the company.

In the first trial, the District Court refused to permit evidence to be introduced to the effect that the items on the "M" invoices had been posted on the books of the company in inventory at sales prices. On the former appeal, this Court held that the exclusion of such evidence was error, as it deprived Hanson of the one explanation he had why the money claimed by the government to be his unreported income was not his money but belonged to the company, and that he was in a sense, a trustee for the company.

On the retrial before a jury on charges involving both the corporate taxes and his individual taxes, appellant was found guilty of willfully attempting to defeat and evade the payment of corporate taxes for 1945, and his own individual income taxes for 1945 and 1946. During the retrial, all of the invoices which had been excluded on the first trial to show items in inventory at sales prices, were admitted in evidence. The government credited appellant with all of the invoices that had been included in the inventory. The charge of evasion of the payment of the corporate taxes related to those invoices which had not been included in inventory, and represented income which had been diverted from the corporation. The proofs showed that substantial sales were made by the corporation which were not shown in its sales or cash receipts records, or in the inventory account. Checks in payment of these sales, payable to the corporation and bearing its restrictive endorsement for deposit in its bank account only, were not deposited in the corporation's bank account, but were diverted by appellant who received the proceeds of the checks. There were no records of these sales in the corporate books; and appellant kept no record of the funds which he diverted.

Appellant contended that he had violated the priorities regulations of the War Production Board by sales to purchasers who had no priority order, and that he concealed such violations by not entering the transactions on the company's sales records and cash receipts book; and that he took the receipts himself, intending to repay the corporation later. This, like other claims of appellant raised an issue of fact. Whether appellant received the proceeds of the sales in the capacity of a trustee, intending to repay the corporation when it was safe to do so, and whether appellant understated the income of the corporation for 1945, and his own individual income for 1945 and 1946, were questions of fact. The jury found that appellant had willfully and knowingly attempted to defeat and evade taxes due from the corporation for the calendar year 1945, as well as taxes due from him for the calendar years 1945 and 1946, by filing false and fraudulent tax returns for those calendar years. There was substantial evidence to sustain the jury's verdict both as to appellant's intent, and as to his filing of false and fraudulent returns.

On the trial, during the cross-examination of Special Agent Cannon, he stated that he had made a diary entry concerning a particular conversation about which he had testified on direct examination. Cannon stated that on the same page of the diary there was a reference to other matters concerning other people. Appellant's counsel then stated that Cannon could "cover up the balance of the page * * * if he has several notes on the page and he has one specifically applying to this case, it seems to me the rest can be covered up, and we can see that note referring to this case." Counsel said further that he did not want the diary turned over to him, but simply to have the witness refer to his diary regarding the notes of this particular case. The Special Agent then stated that the page of the diary contained an entry concerning the tax liability of another person. The trial court then inspected the diary and allowed the defense to use the extracts that pertained to the instant case, stating that the remainder had relation to another matter that could not be brought out. Appellant's only objection was based on the failure to disclose the name of the party involved in the other matter. Such an entry had no relevancy to the testimony of the witness in the instant case; and the refusal of the trial court to allow counsel to see the name of the party involved in the other tax matter, not connected with appellant's case, was not error, and does not fall within the rule announced in Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103, which was decided subsequent to the judgment of the District Court in this case.

We find no error in the use of the summaries and enlargement of schedules showing the government's computations of appellant's income and liability which were used during the examination of witnesses for purposes of illustration as well as during the summation. The trial court carefully instructed the jury that they were not actual evidence and were submitted only for the jury's assistance in considering the other evidence, which they purported to summarize. The admission of certain evidence introduced by the government on rebuttal is claimed to have resulted in reversible error. While it would not be otherwise admissible, it was properly introduced as evidence rebutting appellant's testimony. It is contended by appellant that the trial court erred in refusing to dismiss the indictment on the ground that it was too vague and indefinite to charge a crime. The indictment was sufficient to enable appellant to prepare his defense and protect him against a second prosecution for the same offense; and this fulfills the requisites of certainty in an indictment. The other contentions of appellant have been considered and are found to be without merit.

In accordance with the foregoing, the judgment of the District Court is affirmed.